# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| JESSE SILVAS, Individually and For Others Similarly Situated, | Case No. 2:21-cv-00627 |
| v. | Class and Collective Action |
| SPECIALIST STAFFING SOLUTIONS, INC. d/b/a PROGRESSIVE GLOBAL ENERGY. | |

## ORIGINAL COMPLAINT

### SUMMARY

1.  Plaintiff Jesse Silvas (Silvas) brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Specialist Staffing Solutions, Inc. d/b/a Progressive Global Energy (Progressive) under the Fair Labor Standards Act (FLSA) and the New Mexico Minimum Wage Act, NMSA §50-4-19, *et. seq.* (NMMWA).

2.  Progressive is a global recruitment company.

3.  Silvas and the other Health, Safety, and Environmental (HSE) workers like him regularly worked for Progressive in excess of forty (40) hours each week.

4.  But these HSE workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

5.  Instead of paying overtime as required by the FLSA and NMMWA, Silvas and those HSE workers similarly situated received a daily rate with no overtime compensation.

### JURISDICTION AND VENUE

6.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7.  Venue is proper in this Court because Silvas worked for Progressive in and around Southeast New Mexico.

## THE PARTIES

8. Silvas worked for Progressive from November 2018 until December 31, 2019 as an HSE employee in New Mexico and Texas.

9. Throughout his employment with Progressive, Silvas was paid a day-rate with no overtime compensation.

10. Silvas was staffed by Progressive to XTO Energy.

11. Silvas day-rate was $560.00 per day.

12. Silvas' consent to be a party plaintiff is attached as Exhibit A.

13. Silvas brings this action on behalf of himself and all other similarly situated workers who were received a day-rate while working for Progressive.

14. While working for Progressive, these workers received a flat amount for each day worked and did not get paid overtime for hours worked in excess of 40 hours in a workweek.

15. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All individuals who were paid a day-rate with no overtime while working for or on behalf of Progressive in the past 3 years**[1] **("FLSA Class Members").**

16. Silvas seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

17. Silvas also seeks class certification under Fed. R. Civ. P. 23 of the following class under the NMMWA:

> **All individuals working in New Mexico during the past 3 years who were paid a day-rate with no overtime (the "New Mexico**

---

[1] This definition excludes those workers in Texas who have opted into Mann v. Specialist Staffing Solutions, Inc., CA No. 7:21-cv-00050, Doc. 8 (W.D.TX, June 3, 2021) and who are part of the proposed Putative Class as defined.

**Class Members")** **while working for or on behalf of Progressive.**[2]

18. Collectively, the FLSA Class Members and the New Mexico Class Members are referred to as the Putative Class Members.

19. Progressive may be served through its registered agent, CT Corporation System, 206 S. Coronado Ave, Espanola, New Mexico 87532.

## COVERAGE UNDER THE FLSA

20. At all times hereinafter mentioned, Progressive has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all times hereinafter mentioned, Progressive has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all times hereinafter mentioned, Progressive has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce - such as oilfield equipment, hand tools, computers, automobiles, and cell phones - by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

23. At all times hereinafter mentioned, Silvas and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTS

24. Progressive is a global recruitment firm.

---

[2] This definition excludes HSE workers in New Mexico who have opted into *Bone v. XTO Energy, Inc.*, CA. No. 2:20-cv-00697, Doc. 1 (Dist. N.M. July 14, 2020) or who are part of the Putative Class as defined.

25. To provide its services, Progressive staffs workers like Silvas to perform work on its clients' job sites, including New Mexico.

26. Silvas was an HSE employee (also called a safe choice coordinator) for Progressive in Texas.

27. Silvas worked for Progressive on multiple XTO job sites throughout southeast New Mexico and in West Texas.

28. Silvas would conduct daily safety meetings, provide safety advice, make sure the oilfield workers had on personal protective equipment, make sure the oilfield workers were maintain safe work habits, and complete daily safety reports.

29. XTO is one of many operators that Progressive staffs its HSE workers.

30. Progressive and its clients determined the terms and conditions of Silvas and the Putative Class Members' employment.

31. Progressive and its clients supervised and controlled, set pay, determined hours, and approved pay with respect to Silvas and the Putative Class Members.

32. These HSE employees were paid by Progressive on a day-rate basis and make up the proposed Putative Class.

33. These workers perform the same job duties and are subject to the same or similar illegal pay practices for similar work.

34. Progressive paid Silvas and the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

35. For example, Silvas worked for Progressive from November of 2018 to December 2019.

36. During this time, Silvas was paid on a day-rate basis.

37. Silvas worked for Progressive in New Mexico and Texas.

38. Silvas and the Putative Class Members normally worked 12 hours a day.

39. Progressive never guaranteed Silvas and the Putative Class Members a salary.

40. Silvas and the Putative Class Members were not paid on a salary basis.

41. The Putative Class Members worked hours similar to Silvas.

42. The Putative Class Members were denied overtime by the same illegal pay practice that resulted in Silvas being denied overtime wages.

43. Failing to pay Silvas and the Putative Class Members overtime violates the FLSA and NMMWA because these workers are non-exempt.

44. The day-rate system violates the FLSA and NMMWA because Silvas and the Putative Class Members did not receive any overtime pay for hours worked over 40 hours each week.

**FLSA VIOLATIONS**

45. As set forth herein, Progressive has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

46. Progressive knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation.

47. Progressive's failure to pay overtime compensation to Silvas and the Putative Class Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

48. Accordingly, Silvas and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

**NMMWA V**IOLATIONS

49.     Silvas brings this claim under the NMMWA as a Rule 23 class action.

50.     The conduct alleged violates the NMMWA (NMSA § 50-4-22).

51.     At all relevant times, Progressive was subject to the requirements of the NMMWA.

52.     At all relevant times, Progressive employed Silvas and each member of the New Mexico Class as an "employee" within the meaning of the NMMWA.

53.     The NMMWA required Progressive to pay its employees at 1 and ½ times the regular rate of pay for hours worked in excess of 40 hours in any one week.

54.     Silvas and each member of the New Mexico Class are entitled to overtime pay under the NMMWA.

55.     Progressive had a policy and practice of paying Silvas and each member of the New Mexico Class a day rate and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

56.     Silvas and each member of the New Mexico Class seek unpaid overtime in amount equal to 1 and ½ times their regular rates of pay for hours worked in excess of 40 in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

57.     Silvas and each member of the New Mexico Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Progressive, as provided by the NMMWA.

58.     The improper pay practices at issue were part of a continuing course of conduct, entitling Silvas and New Mexico Class Members to recover for all such violations, regardless of the date they occurred.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

59. Silvas incorporates all previous paragraphs and alleges that the illegal pay practices Progressive imposed on Silvas were likewise imposed on the Putative Class Members.

60. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and NMMWA.

61. Numerous other individuals who worked with Silvas indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

62. Based on his experiences and tenure with Progressive, Silvas is aware that Progressive's illegal practices were imposed on the Putative Class Members.

63. The Putative Class Members were all not afforded the overtime compensation when they worked in excess of 40 hours per week.

64. Progressive's failure to pay wages and overtime compensation at the rates required by law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

65. Silvas' experiences are therefore typical of the experiences of the Putative Class Members.

66. The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

67. Silvas and the Putative Class Members all performed work in furtherance of the energy industry.

68. Silvas has no interests contrary to, or in conflict with, the Putative Class Members.

69. Like each Putative Class Member, Silvas has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

70. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

71. Absent this class and collective action, many Putative Class Members likely will not obtain redress of their injuries and Progressive will reap the unjust benefits of violating the FLSA and NMMWA.

72. Furthermore, even if some of the Putative Class Members could afford individual litigation against Progressive, it would be unduly burdensome to the judicial system.

73. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

74. The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Silvas and the Putative Class Members' FLSA and NMMWA rights were violated as a result of Progressive's day rate policy;

   b. Whether Progressive required Silvas and the Putative Class Members to work more than 40 hours during individual work weeks;

   c. Whether Progressive's decision to pay Silvas and the Putative Class Members a day rate was made in good faith;

   d. Whether Progressive paid Silvas and the Putative Class Members on a salary basis;

   e. Whether Progressive failed to pay Silvas and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

   f. Whether Progressive's violation of the FLSA and NMMWA was willful; and

g. Whether Progressive's illegal pay practices were applied uniformly across the nation to Silvas and all the Putative Class Members.

75. Silvas and the Putative Class Members sustained damages arising out of Progressive's illegal and uniform employment policy.

76. Silvas knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class and collective action.

77. Silvas will fairly and adequately represent and protect the interests of the Putative Class Members.

78. Silvas' claims are typical of the claims of the Putative Class Members. Silvas and the Putative Class Members sustained damages arising out of Progressive's illegal and uniform employment policy.

79. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

80. Therefore, this issue does not preclude class or collective action treatment.

## JURY DEMAND

81. Silvas demands a trial by jury.

## RELIEF SOUGHT

82. WHEREFORE, Silvas prays for judgment against Progressive as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding Progressive liable for unpaid back wages due to Silvas and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order designating the state law class as a class action pursuant to Fed. R. Civ. P. 23;

d. For an Order appointing Silvas and his counsel as Class Representative and Class Counsel to represent the interests of both the federal and state law classes;

e. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: */s/ Rex Burch*
    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    11 Greenway Plaza, Suite 3250
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@bruckerburch.com

    **AND**

    Michael A. Josephson
    State Bar No. 24014780
    Andrew W. Dunlap
    State Bar No. 24078444
    Richard M. Schreiber
    State Bar No. 24056278
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    rschreiber@mybackwages.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**